IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICK JAY HELSLEY,

    Plaintiff,

v.

HADCO/DOUGLAS MULTI-FAMILY PROPERTY MANAGEMENT,

    Defendants.

Case. No. 6:14-cv-01470-MC

OPINION AND ORDER

MCSHANE, Judge:

    *Pro se* plaintiff Rick Jay Helsley seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

    Helsley asks the court to enjoin defendants from proceeding with state court eviction proceedings against him. Helsley argues defendants are violating several Housing and Urban Development (HUD) regulations regarding Section 8 housing. The dispute appears to be a

1 – OPINION AND ORDER

garden variety landlord tenant dispute regarding unpaid rent. Part of this dispute appears to stem from whether or not Helsley remains entitled to Section 8 subsidies and whether Helsley reported all of his income and benefits. From the documents submitted, Helsley attended at least one informal hearing arranged by defendant HADCO, the local public housing authority. Helsley continues to receive notices to appear in state court for eviction proceedings. As described below, it is clear Helsley's complaint fails to state a claim.

First, the complaint appears to be an attempt at an end run around state court proceedings. It is unclear if there are any final state court judgments between Helsley and his landlord. If so, any challenge would be barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Even if there is no final judgment in state court, *Younger* abstention could prevent this court from wading into the issues Helsley raises. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of Sand Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

It certainly appears as though Helsley has the opportunity to raise all of his claims and defenses in the state court eviction proceedings. Helsley may also be able to raise the issues with the local public housing authority tasked with conducting the informal hearings regarding the

termination of Section 8 benefits. *See* 24 C.F.R. § 982.555. Under those regulations, Helsley is entitled to certain due process rights at the hearing, including the right to appear and present evidence to a hearing officer. *Id.*

I need not resolve the above issues because even if this court was inclined to step in and oversee the eviction proceedings, Helsely's claim still fails as there is no private right of action to enforce HUD regulations. *Weatherford v. Nevada Rural Hous. Auth.*, 946 F.Supp.2d 1101, 1111 (D. Nev. 2013) (noting that although the Ninth Circuit has yet to specifically address the issue, other circuits have concluded there is no private right of action to enforce HUD regulations) (citing *Taylor v. Hous. Auth. of City of New Haven*, 645 F.3d 152, 153 (2d Cir. 2011); *Three Rivers Ctr. for Indep. Living v. Hous. Auth. of the City of Pittsburgh*, 382 F.3d 412, 425 (3d Cir. 2004); *Hill v. Grp. Three Hous. Dev.*, 799 F.2d 385, 394 (8th Cir. 1986); *see also Wisniewski v. Vitus Grp., Inc.* 2011 WL 5854605 4-5 (D. Nev.) (dismissing claims of violations of HUD regulations against landlord as HUD's implementing regulations do not confer a private right of action).

As Helsley's complaint fails to state a claim, it must be dismissed. 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATED this 9 day of October, 2014.

                                              _____
                                              Michael McShane
                                              United States District Judge

3 – OPINION AND ORDER